REPUBLIC RUBBER CO. v. CONSOLIDATED RUBBER TIRE CO.

(Circuit Court of Appeals, Seventh Circuit. April 9, 1918.)

No. 2523.

Appeal and Cross-Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity by the Consolidated Rubber Tire Company and the Rubber Tire Wheel Company against the Republic Rubber Company. From a decree (237 Fed. 893) overruling exceptions to report of master, defendant appeals, and plaintiffs cross-appeal. Modified.

Russell Wiles and George A. Chritton, both of Chicago, Ill., for appellant. Charles W. Stapleton, of New York City, for appellees.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

EVAN A. EVANS, Circuit Judge. This suit was heard by the District Court and disposed of at the same time as No. 2529, B. F. Goodrich Company v. Consolidated Rubber Tire Co. et al., 251 Fed. 617, —— C. C. A. ——, decided on appeal by this court at this session. The District Court rendered but one opinion in both cases. We consider no lengthy separate discussion of the issues necessary. What was said in the B. F. Goodrich Case applies generally to this appeal. While it is apparent that the testimony and the situation of the parties are not the same in both cases, such difference as exists does not warrant our reaching a different conclusion on the main questions involved.

Evidence of appellant's profit per pound of rubber manufactured differed from that in the Goodrich Case. Likewise the extent and character of the

infringement is not the same as in the other case. Appellant persisted in infringing the Grant patent, even after the Supreme Court had declared it valid. On the other hand, there was no evidence of betrayed confidence or violated trade secrets, such as appellees claim existed in the other case. Upon the entire record, we conclude that the master properly decided to compute the damages on the basis of a reasonable royalty and made no error in fixing 5 cents per pound on each pound of solid rubber tire manufactured as such reasonable royalty. We are unwilling to disturb the decision of the trial judge, who refused to allow the extra or additional damages authorized by sections 9464, 9467, Comp. Stat. 1916. Interest, which was denied in the lower court, should be allowed at the rate of 5 per cent. upon the total amount fixed and determined by the master from the 18th day of February, 1913.

The decree is modified, by allowing the appellees to recover the sum of $114,054.55, together with interest thereon at the rate of 5 per cent. from the 18th day of February, 1913, and also the costs and disbursements in the District Court. Appellees shall also recover their costs in this court.