SUPERIOR MACH. TOOL CO. v. CINCINNATI LATHE & TOOL CO.

(Circuit Court of Appeals, Seventh Circuit.   March 12, 1919.   Rehearing Denied May 6, 1919.)

No. 2649.

1. PATENTS ☞328—VALIDITY AND INFRINGEMENT—FEED GEARING.
    The Perrine patent, No. 1,029,313, for a feed gearing for use on lathes, *held* valid and infringed.

2. PATENTS ☞16—INVENTION—MEASURE OF ADVANCE IN THE ART.
    Invention cannot be made to depend upon the length of the advancing step in the art: but if the step be an advance, and the means by which the advance is made are new and beyond the conception of a mechanic trained in the art, invention must be recognized.

Appeal from the District Court of the United States for the District of Indiana.

Suit in equity by the Cincinnati Lathe & Tool Company against the Superior Machine Tool Company, to enjoin further infringement of patent to John R. Perrine, No. 1,029,313, covering feed gearing. Decree for complainant, and defendant appeals.   Affirmed.

V. H. Lockwood, of Indianapolis, Ind., and Conrad Wolf, of Kokomo, Ind., for appellant.

William R. Wood, of Cincinnati, Ohio, for appellee.

Before BAKER and EVANS, Circuit Judges, and ENGLISH, District Judge.

EVANS, Circuit Judge.   [1] The only defense to appellee's suit on its patent is invalidity; infringement being conceded, if the patent be sustained.   "The invention pertains to feed gearings, such as are employed on lathes for securing various rates of carriage advance in feeding and in screw cutting, and the invention relates to improvements designed to facilitate the convenient getting of a certain number of speed changes for the lead screw and the feed rod."   So read the specifications.   The single claim reads:

"Feed gearing comprising, a first countershaft, means for imparting selective speeds of rotation to said shaft, four diversely sized gear fast on said first countershaft, a second countershaft, a pair of diversely sized gears loose on said second countershaft and engaging the outer ones of the gears on the first countershaft, a spool structure splined on the second countershaft, gears carried by the spool structure and adapted to engage with the inner gears on the first countershaft, clutches at the hubs of the loose gears on the second countershaft and at the hubs of the gears carried by this spool structure, a long pinion fast on the second countershaft, a driven shaft, a narrow gear fast on said driven shaft, a second driven shaft, a narrow gear fast on the said second driven shaft and at some distance from the gear on the first driven shaft, a slidable narrow gear constantly engaging the long pinion and adapted to slide along the same so as to be in mesh with either the gear on the first or the gear on the second driven shaft or be in disengaged position be-

tween those two gears, and a handle mechanism for sliding said slidable gear, combined substantially as set forth."

While lathes are not mentioned, it is obvious that the "feed gearing" apparatus was designed for use on lathes. The so-called "quick change gear mechanisms" are desirable as they save time and increase output. The larger the number of speeds, the more adaptable the machine. The variations in speed are obtained by use of two countershafts upon which there are 12 gears, 4 on the upper and 8 on the lower countershaft or cone. In the Flather patent, No. 810,-634, probably the closest prior art citation, the upper countershaft has three gears while the lower one has nine. Flather gets 27 speeds while appellant secures 32.

But it is not the number of speeds alone that describe the merits of the machine. Lathes of this character serve a double purpose. The operator may be called upon to cut screw threads on metal pieces, or he may use it simply to produce cylindrical surfaces. The machine covered by the patent provides a very simple and compact mechanism by which the required speed changes are easily and rapidly made. In appellee's machine there is one wide faced gear which must receive any one of the 32 speeds. This wide faced gear always meshes with a smaller faced sliding gear which therefore receives each of the 32 speed changes. While always rotating, it may be put into neutral, or can be adjusted to the screw or to the rod, with but a very slight sliding movement. In other words, by means of this intermediate sliding gear always responding to the rate of speed determined by the position of the gears on the countershaft the operator may drive either the lead screw or the feed rod, but, of course, never both at the same time, or he may so locate the sliding gear that it will be in neutral—that is, drive neither the lead screw nor the feed rod. This mechanism, conveniently located at the right-hand side of the lathe, with the feed screw and rod close together, permits the operator easily and handily to avail himself of the 32 speed changes, and it is found in such a combination in no other lathe to which our attention has been called.

[2] But it is claimed that neither the increase in the number of speeds nor the mere location of the operating means by which the change in speeds can be very easily accomplished marks invention but is a mere exercise of mechanical skill. It must be admitted that patentee took no giant's stride in perfecting this machine. On the other hand, invention cannot be made to depend upon the length of the advancing step. If the step be an advance, and the means by which the advance is made are new and beyond the conception of a mechanic trained in the art, we must recognize invention. If patentee's contribution was limited merely to an increase in the number of speeds obtained, we would hardly be justified in finding invention therefrom. But when to the increased number of speeds is added a handy, compact means for securing the use of these speeds, which according to certain testimony gave greater strength and endurance to the machine, invention appears.

(259 F.)

It is hardly conceivable that a patent so narrow and so limited should be infringed, were there no patentable novelty residing therein. The presumption in favor of patentability arising from the grant, strengthened as it is in this case by the conclusion of the trial judge, has not in our opinion been overcome.

The decree is affirmed.