SUPERIOR MACH. TOOL CO. v. CINCINNATI LATHE & TOOL CO.

CINCINNATI LATHE & TOOL CO. v. SUPERIOR MACH. TOOL CO.

(Circuit Court of Appeals, Seventh Circuit. September 21, 1922.)

Nos. 3004, 3005.

Patents ⬥318(4)—Decree apportioning profits made by infringer affirmed.

Decree apportioning the profits made by an infringer from the manufacture and sale of lathes, embodying the patented improvement, and allowing interest thereon affirmed.

Appeals from the District Court of the United States for the District of Indiana.

Suit in equity by the Cincinnati Lathe & Tool Company against the Superior Machine Tool Company. From the final decree, both parties appeal. Affirmed.

W. R. Wood, of Cincinnati, Ohio, for complainant.

Conrad Wolf, of Kokomo, Ind., and V. H. Lockwood, of Indianapolis, Ind., for defendant.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

EVAN A. EVANS, Circuit Judge. Complainant sought and se-cured a decree sustaining its patent No. 1,029,313, and enjoining appellant from further infringing. This interlocutory decree was on appeal affirmed by this court. 259 Fed. 273, 170 C. C. A. 341. The determination of damages for past infringements was then referred to a special master, who heard the evidence and filed a carefully prepared report, evidencing much study, both of the facts and of the law. Liability was fixed at $31,402.11, and this sum was approved by the court. Both sides expressed their dissatisfaction over the allowance, and have appealed to this court.

From our examination of the evidence and the master's report, we are convinced that the decree should be affirmed. A lengthy opinion might be written, setting forth in detail the various reasons why the sum fixed meets with our approval. But this is unnecessary.

The testimony as to the gross sales and net profits is hardly in dispute. Certainly the master's findings can be accepted in respect to these items. Appellant manufactured and sold 789 lathes, receiving therefor $698,256.65, of which $161,727.57 were profits. Appellant deliberately copied in every detail appellee's patented lathe. The legitimate differences between the parties, therefore, must arise out of and be limited to the percentage or division of the profits which should go to the owner of the patent. Approaching this question, the master says:

"The plaintiff has shown profits attributable to his invention. The defendant admits the existence of some profits, but computes them at a negligible sum. Plaintiff has demonstrated that the profits are somewhat difficult of apportionment, but it has not demonstrated that they are impossible of approximate apportionment. The rule in the cases referred to does not require a separation with absolute mathematical precision. We do not find in that case any broad rule that a patentee is entitled to all the profits in every case, where his device is a part of a larger structure, and where the fraction of profits attributable to the invention cannot be mathematically demonstrated. 'That degree of accuracy [mathematical exactness] is not required, but only reasonable approximation,' says the court in Dowagiac Mfg. Co. v. Minnesota Plow Co., 235 U. S. 641, 35 Sup. Ct. 221, 59 L. Ed. 398, and the same case indicates the just rule thus: 'Of course, the result to be accomplished is a rational separation of the net profits so that neither party may have what rightfully belongs to the other, and it is important that the accounting be so conducted as to secure this result, if it be reasonably possible.' * * * While the master cannot adopt the conclusions arrived at by the defendant as to the share of the net profits attributable to the invention of the patent in suit, he finds that from the evidence so adduced by the defendant an 'approximate apportionment' of the profits can be made, and therefore holds that the plaintiff is not entitled to all the profits received by the defendant from the manufacture and sale of the lathe embodying the infringement, but only to such portion thereof as are attributable to the use of the invention and severable by means of such 'approximate apportionment.'"

We agree with this reasoning and the resulting finding. Appellant should not be required to account to appellee for all its profits, parts of which were in no way traceable to the invention covered by the patent. This step in the master's analysis being verified, there remains only the question of percentage. The master allowed appellee one-sixth of the total profits. He reached this basis by first dividing the lathe into its three natural parts: (a) Suspension beams; (b) revolving beams; and

(c) cutting beams. He then divided the profits equally, and concluded that one-half of the profits credited to (b), the revolving beams of the infringing lathe, were attributable to the invention. To this amount was added interest from the end of the infringing period to the date of the report.

It is not necessary for us, in affirming the award, to agree with all the steps which the master took in reaching this conclusion. There are several ways whereby the same result could have been reached. For instance, the master might have found that more than 33⅓ per cent. of the profits should have been attributed to the revolving beams, and could have found, upon the evidence before him, that less than one-half of such profits might have been ascribed to the invention. It must be admitted that a persuasive argument could be made, and is in fact advanced, in favor of attributing more than 33⅓ per cent. of the total profits to the revolving beams. On the other hand, in view of the evidence in this case, showing an extraordinary demand for lathes for the period covered by the infringement, and a shortage in supply, *all caused by the war,* an allowance of less than one-half of the profits might well have been credited to the invention.

After reviewing all the figures carefully, and studying the different reports filed by appellant, we adopt the same figures as the master and the trial judge. We likewise agree that interest should be allowed. No good reason appears why the rule respecting interest announced in Goodrich v. Consolidated Rubber Tire Co., 251 Fed. 625, 163 C. C. A. 611, and Malleable Iron Range Co. v. Lee (C. C. A.) 263 Fed. 896, should not apply to a case of lost profits, if the facts that ordinarily call for the allowance of interest in tort actions exist, as here.

The decree is affirmed.